## BANKRUPTCY LOCAL RULE 9013

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.   UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.   REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY. IF HEARING IS ORDERED BY THE COURT OR IF A HEARING IS TIMELY REQUESTED BY AN OPPOSING PARTY.**

**THERE WILL BE A HEARING ON THIS MOTION ON NOVEMBER 17, 2010, 11:30AM, 4TH FLOOR, COURT ROOM 403, 515 RUSK, HOUSTON, TEXAS 77002.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-38159-H5-13** |
| | § | |
| **FABIAN ALBERTO LORA and** | § | |
| **GIOCANDA K. JARAMILLO-LARA** | § | |
| **Debtors/Movants** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GALLERIA COLLISION** | § | |
| **Party/Respondent** | § | **CHAPTER 13** |

## DEBTORS' AMENDED MOTION FOR TURNOVER OF PROPERTY, ACCOUNTING, SANCTIONS AND DAMAGES REGARDING PARTY MISCONDUCT

FABIAN ALBERTO LORA and GIOCANDA K. JARAMILLO-LARA, Debtors in the

above entitled and numbered cause of action, (hereinafter "Movants"), complain of Party,

GALLERIA COLLISION, (hereinafter "Respondent"), located at 5900 Schumacher Lane, Houston, Texas 7705; and as a basis for such complaint, would show unto the Court as follows:

1.      Movants, FABIAN ALBERTO LORA and GIOCANDA K. JARAMILLO-LARA, are individuals who reside at 3414 Rockyridge Drive , Houston, Texas 77063.

2.      On information and belief, Respondent,  GALLERIA COLLISION, is a Texas based collision auto body repair and refinishing company whose principal place of business is located at 5900 Schumacher Lane, Houston, Texas 77057, and may be served with notice at the above place of business.

3.      This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4.      Movants filed a Chapter 13 Petition under to the U.S. Bankruptcy Code on September 14, 2010.

5.      On or about November 17, 2009 and prior to filing the Chapter 13 Petition,  Movants entered into an auto body collision repair agreement with Respondent.  The auto body collision repair agreement involves one (1) 2007 Hummer H2 , Four Door Crew Cab Sports Utility Vehicle, Vehicle Identification Number 5GRGN23UX7H113202.  Movants would claim that the aforementioned 2007 Hummer H2 Sports Utility Vehicle is property of the Bankruptcy Estate pursuant to 11 U.S.C. § 542 of the Bankruptcy Code and exempt under 11 U.S.C., Section 522(d)(2).  The motor vehicle is fully insured with the lien holder, ALLY, P.O. Box 130424, Roseville, Minnesota 55113 as loss payee.

6.      On or about February 23, 2010, Movant's insurance company, Allstate Fire and Casualty tendered payment to Movant, FABIAN ALBERTO LORA and Respondent,

GALLERIA COLLISION, in the amount of Eleven Thousand Nine Hundred Eleven and Twenty Seven Cents ($11,911.27) for auto body collision repair of the 2007 Hummer H2 Sports Utility Vehicle.  Authorized representatives for and on behalf of GALLERIA COLLISION informed the Movant, FABIAN ALBERTO LORA that the motor vehicle repairs would be fully completed within thirty (30) but no later than March 25, 2010.  To date and seven months later, the repairs on the motor vehicle have not been completed.

7.    Movants through the undersigned counsel, gave actual notice to Respondent that they had filed bankruptcy under Chapter 13 of the U.S. States Bankruptcy Code via written correspondence dated September 24, 2010 and conveyed to Respondent via facsimile transmission.

8.    Authorized Representatives for and on behalf of GALLERIA COLLISION acknowledged receipt of the aforementioned notice letter.  The same authorized representatives informed and assured the undersigned counsel that the motor vehicle repairs would now be fully completed within thirty (30) days but no later than October 24, 2010.

9.    After Movant, GALLERIA COLLISION,  again failed to complete the required motor vehicle repairs--Movants through and by the undersigned counsel forwarded to Respondent, written correspondence demanding turnover of property of the bankruptcy estate pursuant to 11 U.S.C § 1306 in one 2007 Hummer H2 Sports Utility Vehicle, balance of insurance monies not expended, and motor vehicle repair or replacement parts purchased with insurance proceeds.  In addition, said demand letter requested from Respondent a complete and detailed itemized accounting of all insurance money proceeds, motor vehicle parts purchased, installed, on-hand

or awaiting delivery.   Nevertheless, Respondent now intentionally and willfully refuses to turnover the personal property at issue of this motion for turnover.

10.     Movant's Counsel has attempted to resolve this matter without resorting to litigation. The undersigned Counsel has personally communicated by telephonic conference with the company manager and company owner for the Respondent, GALLERIA COLLISION, regarding the potential legal and financial repercussions of its' continued,   intentional and willful violation of the automatic stay imposed by provisions of the U.S. Bankruptcy Code; and to no avail, has directed Respondent to turn over the personal property and accounting at issue of this motion to the Movant.

WHEREFORE, PREMISES CONSIDERED, Movants demand that Respondent immediately turn over said bankruptcy estate property to the Movants pursuant to 11 U.S.C. § 542 of the Bankruptcy Code, and that the Court award Attorney's fees, court costs, actual damages *and the minimum of $11,911.27 in punitive damages* pursuant to 11 U.S.C. §362(a)(3) and 362(h) and for all other relief available at law or equity for which Movants may be justly entitled.

Date: November 10, 2010                    Respectfully submitted,
                                           **JESSE AGUINAGA,**
                                           **ATTORNEY AT LAW, P.C.**

                                           //s// Jesse Aguinaga
                                           _____
                                           Jesse Aguinaga, SBN 00798026
                                           Aguinaga & Associates
                                           The Center, Suite 670
                                           8323 Southwest Freeway
                                           Houston, TX 77074
                                           Phone:        (713) 772-1414
                                           Facsimile:    (713) 772-7725

                                           **ATTORNEY FOR DEBTORS/MOVANTS**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-38159-H5-13** |
| | § | |
| **FABIAN ALBERTO LORA and** | § | |
| **GIOCANDA K. JARAMILLO-LARA** | § | |
| **Debtors/Movants** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GALLERIA COLLISION** | § | |
| **Party/Respondent** | § | **CHAPTER 13** |

**AFFIDAVIT OF CONFERENCE**

On behalf of the Debtors/Movants, I certify that I am more than 18 years of age, and that:

i.      On September 24, 2010, I gave notice of this present bankruptcy proceeding and corresponding automatic stay by written correspondence conveyed by facsimile transmission

ii.     On September 24, 2010, at approximately 12:30 p.m., I spoke with Mr. Schalomie, representative for Respondent and owner of Galleria Collision. I discussed repair status or turnover and accounting of the property of the bankruptcy estate without resorting to litigation.

iii.    On October 27, 2010, at approximately 11:49 a.m., I attempted to speak with Mr. Schalomie, representative for Respondent and owner of Galleria Collision. I attempted to discuss turnover and accounting of the property of the estate again without resorting to litigation.

iv.     On October 27, 2010, as authorized and requested by my Clients, I requested demand for turnover of property of the bankruptcy estate in addition to the itemized accounting by written correspondence conveyed by facsimile transmission

v.      The attempts by our office to resolve the matter in question have been unsuccessful with the Respondent willfully, intentionally and illegally refusing to turnover of personal property of the bankruptcy estate in addition to a full accounting.  No agreement is pending at this time.

vi.     A hearing on this matter is required.

I certify under penalty of perjury that this is true.

**JESSE AGUINAGA,**
**ATTORNEY AT LAW, P.C.**


//s// Jesse Aguinaga


_____
Jesse Aguinaga, SBN 00798026
The Center, Suite 670
8323 Southwest Freeway
Houston, TX 77074
Phone:          (713) 772-1414
Facsimile:      (713) 772-7725

**ATTORNEY FOR DEBTORS/MOVANTS**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-38159-H5-13 |
| | § | |
| **FABIAN ALBERTO LORA and** | § | |
| **GIOCANDA K. JARAMILLO-LARA** | § | |
| **Debtors/Movants** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **GALLERIA COLLISION** | § | |
| **Party/Respondent** | § | **CHAPTER 13** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2010,  a true and correct copy of the foregoing, DEBTORS' AMENDED MOTION FOR TURNOVER OF PROPERTY, ACCOUNTING, SANCTIONS AND DAMAGES REGARDING PARTY MISCONDUCT ,  was served on the following parties by Certified Mail, Receipt Return Requested, US First Class Mail, Post Prepaid, ECF, and/or Facsimile Transmission on the notice matrix attached hereto:

**JESSE AGUINAGA,
ATTORNEY AT LAW, P.C.**

//s// Jesse Aguinaga

_____
Jesse Aguinaga, SBN 00798026
The Center, Suite 670
8323 Southwest Freeway
Houston, TX 77074
Phone:        (713) 772-1414
Facsimile:    (713) 772-7725

**ATTORNEY FOR DEBTORS/MOVANTS**